```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WILLIAM BUSSEY,

                    Plaintiff,

      -against-                          MEMORANDUM & ORDER
                                         13-CV-3660(JS)(WDW)
CHRISTOPHER DEVANE, KATHLEEN RICE,
JUDGE FERRELL, HEMPSTEAD POLICE
DEPARTMENT, THE OFFICER ON MY
FELONY COMPLAINT,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     William Bussey, pro se
                   13002146
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, New York 11501

For Defendants:    No appearance
```

SEYBERT, District Judge:

Presently pending before the Court is the Complaint brought by incarcerated plaintiff William Bussey ("Plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") against his criminal defense attorney, Christopher Devane ("Devane"), Nassau County District Attorney Kathleen Rice ("D.A. Rice"), Nassau County District Court Judge Tricia Ferrell ("Judge Ferrell"), the Hempstead Police Department ("Police Department"), and the unidentified Hempstead police officer who filed the felony complaint against Plaintiff ("P.O. John Doe" and collectively, "Defendants"). Accompanying the Complaint is an application to proceed in forma pauperis. Upon review of the declaration in support of the application to proceed in forma pauperis, the Court

determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, all claims against Devane, D.A. Rice, Judge Ferrell, and the Police Department are DISMISSED WITH PREJUDICE. Plaintiff's speedy trial and malicious prosecution claims against P.O. John Doe are DISMISSED WITHOUT PREJUDICE. Plaintiff's false arrest claim against P.O. John Doe may proceed; however, it is stayed pending the termination of Plaintiff's state court criminal proceedings.

BACKGROUND

Plaintiff's Complaint is difficult to comprehend. It appears that Plaintiff seeks to challenge his pre-trial confinement on two discrete pending state court criminal proceedings. Plaintiff alleges that, on June 10, 2011, he was arrested and arraigned after P.O. John Doe observed Plaintiff participate in a $10 marijuana drug transaction on June 6, 2011. (Compl. ¶ IV.) According to Plaintiff, he is also a pre-trial detainee on a "D.U.I." charge and claims that the "courts messed up" and "are trying to put both dockets together." (Compl. ¶ IV.2.) As a result, Plaintiff claims that he has "90 days in" on his first D.U.I. charge and he has "yet [to] see[] a judge."[1] Id. Plaintiff

---

[1] Plaintiff fails to note that a warrant was issued for his arrest on June 11, 2012 because he did not appear in court as directed while released on his own recognizance on the underlying drug charges. See New York State Unified Court System, WebCrims, Case

2

questions why it is taking so long to prosecute him and surmises that it is because he is black. (Compl. ¶ IV.3.)

Plaintiff claims that Judge Ferrell "is very unprofessional & doesn't honor my motions [to dismiss the misdemeanor complaint, to produce, and to fire my public defender, Devane]." (<u>Id.</u>) Plaintiff claims that his defense attorney, Devane, is "working with the District Attorney," (Compl. ¶ IV.2) has missed court appearances, and encouraged Plaintiff to "take eight months with a felony knowing they didn't have anything & also knowing I asked for my felony exam." (<u>Id.</u> ¶IV.4.)

For relief, Plaintiff seeks unspecified financial compensation "for losing [his] job, everyday of incarceration & mental, physical and emotional distress." (Compl. ¶ V.)

DISCUSSION

I. <u>In Forma Pauperis Applications</u>

Upon review of Plaintiff's declaration in support of his application to proceed <u>in forma pauperis</u>, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

---

Details-Appearances, available at http://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch (last visited July 25, 2013).

II. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> <u>id.</u>

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally. <u>See</u> <u>Sealed Pl. v. Sealed Def.</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of a proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. <u>Kiobel v. Royal Dutch Petroleum Co.</u>, 621 F.3d 111, 124 (2d Cir. 2010), (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)), <u>aff'd</u>, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."

4

Iqbal, 556 U.S. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011).  While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III.  Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).  To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'"  Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).  Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere."  Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v.

5

Connelly, 889 F.2d 435, 440 (2d Cir. 1989).

Here, liberally construed, Plaintiff claims to have been falsely arrested with regard to his June 10, 2011 arrest, maliciously prosecuted, and denied a speedy trial.

A. Immunity

1. Prosecutorial Immunity

Plaintiff names D.A. Rice as a defendant. It is well-established that prosecutors are entitled to prosecutorial immunity for "performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process,'" including the decision whether not or to commence a prosecution. Ying Jing Gan v. City of N.Y., 996 F.2d 522, 530 (2d Cir. 1993) (quoting Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)); see also Amaker v. N.Y. State Dep't of Corr. Serv., 435 F. App'x 52, 55 (2d Cir. 2011). "Prosecutorial immunity from §1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.'" Hill v. City of N.Y., 45 F.3d 653, 661 (2d Cir. 1995) (quoting Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994)).

Here, because the claims against D.A. Rice relate exclusively to the prosecution of Plaintiff in New York State District Court, Nassau County, they are barred by absolute prosecutorial immunity and are DISMISSED WITH PREJUDICE.

### 2. Judicial Immunity

Plaintiff also seeks to sue New York State District Judge Ferrell who is allegedly involved with his underlying state court criminal proceedings. As is readily apparent, Judge Ferrell is entitled to absolute judicial immunity. It is well-settled that judges have generally been accorded absolute immunity for damages arising out of judicial acts performed in their judicial roles. Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); see also Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir. 1990) ("A judge defending against a section 1983 suit is entitled to absolute immunity from damages for actions performed in his judicial capacity.").

Here, even liberally construed, Plaintiff alleges no acts performed by Judge Ferrell that fall outside the scope of absolute judicial immunity. Rather, Plaintiff vaguely complains that "Judge Ferrell is very unprofessional & doesn't honor my motions." (Compl. ¶ IV.3.) Deciding motions is certainly an act performed within a judge's "judicial capacity" and such determinations are undoubtedly entitled to absolute judicial immunity. Plaintiff's mere dissatisfaction with the judge's decision is insufficient to overcome absolute judicial immunity and, accordingly, his claims against Judge Ferrell are not plausible and are DISMISSED WITH PREJUDICE.

Insofar as Plaintiff seeks to allege that Judge Ferrell and D.A. Rice conspired to delay his trial, his Complaint fails to

allege any facts in support of such claim.  Morever, even if Plaintiff pled overt acts to establish a factual basis for his conspiracy claim, it too would fail given that a conspiracy among the judge and the prosecutor in connection with their judicial and prosecutorial functions is still protected by absolute immunity. See Dorman v. Higgins, 821 F.2d 133, 139 (2d Cir. 1987) ("[F]undamentally, since absolute immunity spares the official any scrutiny of his motives, an allegation that an act was done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith or with malice, neither of which defeats a claim of absolute immunity.").

        3.    Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. AMEND. XI.  "The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns . . . ."  State Emps. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 95 (2d Cir. 2007) (alterations in original) (quoting W. Mohegan Tribe & Nation v. Orange Cnty., 395 F.3d 18, 20 (2d Cir. 2004)).  Eleventh Amendment immunity also extends to suits

for money damages against state officials in their official capacities. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (internal citation omitted)).[2]

Here, Plaintiff's Section 1983 claims for money damages against the state defendants in their official capacities, namely D.A. Rice and Judge Ferrell, are barred by the Eleventh Amendment and therefore are not plausible. Accordingly, such claims are DISMISSED WITH PREJUDICE.

B. Section 1983 Claim Requires Allegation of Action Taken Under Color of State Law

Plaintiff also names his court appointed criminal defense attorney Devane as a Defendant.[3] As noted earlier, a claim for relief under Section 1983 must allege facts sufficient to establish that the defendant acted under color of state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983; Rae, 693 F. Supp. 2d at 223. Thus, private attorneys, whether court appointed or

---

[2] A narrow exception to this rule exists for official-capacity suits against state officers seeking prospective injunctive relief. See Will, 491 U.S. at 71, n.10. This exception does not apply to the present case given that the only relief sought by Plaintiff is "financial relief." (Compl. ¶ V.)

[3] Given Plaintiff's description of Devane as Plaintiff's "public pretender" (Compl. ¶ IV.4) the Court presumes that Devane is a public defender appointed by the Court.

9

employed by the Legal Aid Society, are generally not liable under Section 1983.[4]  See Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." (citing Housand v. Heiman, 594 F.2d 923, 924-25 (2d Cir. 1979))); accord Polk Cnty. v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defenders do not act under color of state law); see also Schnabel v. Abramson, 232 F.3d 83, 87 (2d Cir. 2000) ("[A] legal aid society ordinarily is not a state actor amenable to suit under § 1983."). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (internal quotation marks omitted).  Given that Devane is alleged to be Plaintiff's defense counsel in the underlying state court criminal proceedings,

---

[4] Insofar as Plaintiff alleges that Devane conspired with D.A. Rice and Judge Ferrell to deny Plaintiff a speedy trial, this unsupported allegation is far too conclusory to allow judicial review.  See, e.g., Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990) (dismissing claims based on allegations of a conspiracy where plaintiff "relie[d] on diffuse averments but [did] not provide a factual basis for his claim or plead overt acts indicating the existence of a conspiracy"); Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy . . . cannot withstand a motion to dismiss.").

he is not a state actor.  Accordingly, Plaintiff's Section 1983 claim against Devane is not plausible and is thus DISMISSED WITH PREJUDICE.

    C.   <u>Administrative Arm of a Municipality Lacks Capacity to be Sued</u>

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." <u>Davis v. Lynbrook Police Dep't</u>, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); <u>see also</u> <u>Rose v. Cnty. of Nassau</u>, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (dismissing claims against the Nassau County police department because "[t]he Police Department is an administrative arm of the County of Nassau."); <u>Mikulec v. Town of Cheektowaga</u>, 909 F. Supp. 2d 214, 227 n.9 (W.D.N.Y. 2012) ("The police department, as an administrative arm of the Town, cannot be sued.").

Insofar as Plaintiff seeks to sue the Police Department, the Court finds that it is an administrative arm of the municipality, namely the Incorporated Village of Hempstead, and therefore lacks the capacity to be sued.  Thus, Plaintiff's claims against the Police Department are not plausible and are thus DISMISSED WITH PREJUDICE.

    D.   <u>Claim Against P.O. John Doe</u>

Though thin, it appears that Plaintiff seeks to allege a

Section 1983 claim of false arrest against P.O. John Doe who arrested Plaintiff in June 2011. It is well-established that "'[t]here can be no federal civil rights claim for false arrest where the arresting officer had probable cause.'" Williams v. Town of Greenburgh, 535 F.3d 71, 78-79 (2d Cir. 2008) (quoting Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995)). Here, given that Plaintiff is awaiting trial on the charges stemming from the challenged arrest and prosecution, he has not--and cannot--allege that the prosecution terminated in his favor. A conviction would establish probable cause thereby negating his false arrest claims. Accordingly, Plaintiff's false arrest claim against P.O. John Doe is hereby STAYED pending the outcome of Plaintiff's state court criminal proceedings. Wallace v. Kato, 549 U.S. 384, 393-94, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." (citations omitted)).

The Clerk of the Court is directed to administratively CLOSE this case.[5] **Plaintiff shall request, in writing, that this**

---

[5] Given that the statute of limitations for a Section 1983 false arrest claim begins to run at the time "legal process was initiated" against Plaintiff, the Court will stay this claim pending the conclusion of the underlying state court criminal

12

**case be reopened within two (2) weeks of the conclusion of his state court criminal proceedings if so warranted at that time.**

    E.    Speedy Trial and Malicious Prosecution Claims

As noted above, Plaintiff also alleges a violation of his Sixth Amendment right to a speedy trial and that he has been maliciously prosecuted in violation of the Fourth Amendment and/or the Fourteenth Amendment's due process clause. As with his claim for false arrest, in order to adequately plead claims under Section 1983 that he was tried and convicted in violation of his Sixth Amendment right to a speedy trial, Plaintiff must allege that the state court criminal proceedings terminated in his favor. Montane v. Pettie, No. 10-CV-4404, 2012 WL 1617713, at *2 (E.D.N.Y. May 8, 2012). Similarly, to adequately plead a cause of action for malicious prosecution under Section 1983, a plaintiff must allege, inter alia, that the criminal proceeding terminated in plaintiff's favor. Boyd v. City of N.Y., 336 F.3d 72, 76 (2d Cir. 2003); Rivera v. City of Rochester, 21 F. Supp. 2d 230, 234 (W.D.N.Y. 1998).

Here, given that Plaintiff's state court criminal proceedings are still pending, he cannot allege that it terminated in his favor. Accordingly, his speedy trial and malicious prosecution claims, as pled, are not plausible and are thus

---

proceedings rather than dismiss it without prejudice. Wallace, 549 U.S. at 390-91.

DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

For the reasons set forth above, the application to proceed in forma pauperis is GRANTED, but Plaintiff's claims against Devane, D.A. Rice, Judge Ferrell, and the Police Department are sua sponte DISMISSED WITH PREJUDICE. Plaintiff's false arrest claim against P.O. John Doe is STAYED pending the conclusion of the underlying criminal trial, and Plaintiff's speedy trial and malicious prosecution claims against P.O. John Doe are DISMISSED WITHOUT PREJUDICE. The Clerk of the Court shall administratively CLOSE this case. **Plaintiff is ordered to request, in writing, that this case be re-opened within two (2) weeks of the conclusion of his state court criminal proceedings if so warranted at that time.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August   16  , 2013
       Central Islip, New York